

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2002

# Rozic v. Trinity Ind Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2623

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Rozic v. Trinity Ind Inc" (2002). *2002 Decisions.* Paper 621.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/621

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2623
_____

BERNARD A. ROZIC,

Appellant

v.

TRINITY INDUSTRIES, INC.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-00443
District Judge:  The Honorable Donald E. Ziegler
_____

Submitted Under Third Circuit LAR 34.1(a)
September 26, 2002
_____

Before: BARRY, AMBRO and GARTH, Circuit Judges

(Filed: September 27, 2002)
_____

OPINION
_____


BARRY, Circuit Judge

     This is an age discrimination case brought under the Age Discrimination in Employment Act, 29 U.S.C.    621-634 ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. C.S.A.    951, alleging discriminatory discharge.  The District Court granted defendant's motion for summary judgment.  We have jurisdiction pursuant to 28 U.S.C.    1291 and will affirm.

     The parties are familiar with the facts of the underlying dispute and we will, accordingly, discuss them only as necessary to resolve the issues presented.

     In 1993, at the age of 49, appellant, Bernard A. Rozic, began working for Trinity Industries, Inc. at its plant in Butler, Pennsylvania.  Trinity manufactures railcars for railroad companies, which includes manufacturing boxcar floor component parts.  In the summer of 1998, Trinity transferred the production of these component parts to its plant in Butler.  At this time, Rozic was an estimator, with responsibilities including job quotes and setting production standards.

     The boxcar floor component parts project came to the Butler plant with very high production standards, which Trinity needed to meet to make a profit.  Unfortunately, the Butler plant was unable to meet these standards, as too few component parts were being produced and the ones that were produced often needed to be redone for quality purposes.  Rozic viewed this failure to meet the production schedule as a "major catastrophe" for Trinity.

     Believing that Rozic had the capabilities to turn things around, plant manager Robert Hilliard (age 57) assigned Rozic (now in his mid-fifties) to production supervisor of the boxcar floor project in November 1998.  Significantly, Rozic replaced a much younger Jerry Walters (age 33) as the head of the project.  Like his younger predecessor,

however, Rozic could not get the Butler plant to meet production expectations. Rozic fairly quickly came to the conclusion that the production standards were unrealistically high, and began to consistently complain to Hilliard and others about the standards. In or about December 1998, Rozic lowered the production standards on the boxcar floor project, which reduced the number of parts required to be redone but also decreased the number of parts produced each day. Consequently, Trinity could not meet its original production figures under Rozic's revised standards, resulting in a financial loss.

During this period, Gary Schmedt (age 52) became operations supervisor and was responsible for, among other things, overseeing the daily operations at the Butler plant. In or about March or April 1999, Schmedt asked to review the records of the boxcar floor project and asked the interim plant superintendent, Gale Buzard (also in his early-fifties), to reinstate the original production standards in an effort to get the project back on track and to compete with Trinity's competitors, who were lowering the price of their railcars. Once again, however, the Butler plant could not meet these standards.

In the wake of these reinstated standards, Rozic renewed his protests that Trinity was placing unrealistic expectations on him and the plant. In April 1999, having determined that Rozic was no longer the man for the job, Buzard transferred Rozic off the boxcar floor project to production supervisor of the fabrication shop. It is undisputed that this was a lateral transfer, rather than a demotion, and that Rozic retained the same title and pay rate. Rozic was replaced on the boxcar floor project by Robert Hall (age 25).

On April 28, 1999, despite the fact that he was no longer in charge of the boxcar floor project, Rozic walked into Hilliard's office again complaining about the production standards and tendered his resignation. Hilliard notified Buzard and Schmedt of Rozic's resignation and determined that Ron Lehere (age 66) could assume Rozic's duties. Within hours of saying he was resigning, Rozic informed Hilliard that he had changed his mind. At some point between April 28 and May 6, 1999, Hilliard informed Schmedt that Rozic was seeking to withdraw his resignation.

On May 6, 1999, however, Schmedt learned that Rozic planned to write a letter of complaint to various company officials about the boxcar floor project standards and his removal from the supervisory position over that project. Schmedt advised Hilliard to have Rozic out of the plant by noon. Accordingly, Hilliard called Rozic into his office and told him Trinity would not accept the withdrawal of his resignation and to leave the plant by noon.

Rozic's discrimination claim hinges on Trinity's refusal to accept the withdrawal of his resignation. To this end, Rozic points, in addition to the appointment of Hall and a general effort to make Rozic fail at his job, to the fact that Trinity, in December 1998, had accepted the withdrawal of a resignation by 36-year old Karl Knechtel. Knecthel had been plant superintendent, but was unhappy in that position because it did not permit him to spend enough time with his family and it was not the type of technical work he preferred. Rather than have Knecthel resign, Trinity convinced him to stay on as a tooling and fixturing engineer, a position which satisfied Knecthel's concerns. Buzard (age 52 at the time) replaced Knecthel as plant superintendent.

On March 6, 2000, Rozic initiated this lawsuit. On May 29, 2001, in a thorough opinion, the District Court granted Trinity's motion for summary judgment because there was insufficient evidence to permit a reasonable jury to find that Trinity's reasons for discharging Rozic were unbelievable or that age discrimination was more likely than not the cause of his discharge. This appeal followed.

We review the District Court's grant of summary judgment de novo. In so doing, we must view the record in the light most favorable to Rozic and determine whether genuine issues of material fact exist and, if not, whether Trinity is entitled to judgment as a matter of law. Anderson v. Consolidated Rail Corp., 297 F.3d 242, 246-47 (3d Cir. 2002); Sheet Metal Workers' Int'l Ass'n v. Herre Bros., 201 F.3d 231, 239 (3d Cir. 1999).

Rozic's attempt to establish age discrimination through indirect evidence is analyzed under the familiar McDonnell Douglas shifting-burden three-step framework. Anderson, 297 F.3d at 249; Simpson v. Kay Jewelers Div. of Sterling, Inc., 142 F.3d 639, 643-44 (3d Cir. 1998). Under this framework, Rozic must first establish a prima facie case of age discrimination. If this is done, the burden shifts to Trinity to produce evidence of a legitimate nondiscriminatory reason for the adverse decision. If Trinity posits such proof, Rozic must then show that Trinity's articulated reasons are merely a

pretext for age discrimination. Kay Jewelers, 142 F.3d at 644 n.5. To show pretext, Rozic must point to some evidence from which a fact finder could reasonably either (1) disbelieve Trinity's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of Rozic's discharge. Id. at 644; see also Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).

In light of the District Court's thorough analysis, which set forth ample reasons for refuting all of Rozic's contentions, we need not burden this opinion with an extensive discussion of Rozic's claims. Put simply, even assuming that Rozic established a prima facie case (an assumption which is by no means free from doubt), there was insufficient evidence to permit a reasonable jury to disbelieve Trinity's legitimate reasons for discharging Rozic, or to believe that age discrimination was more likely than not a motivating or determining cause of his discharge.

Trinity's primary justification for refusing to accept Rozic's withdrawal of his resignation was his persistent history of complaining about the boxcar floor production standards and his decision to tender his resignation based on his disenchantment with company policy, which, according to Trinity, illustrated that Rozic was not a team player. It is undisputed that Rozic did, in fact, persistently complain about and resist the production standards. Accordingly, no reasonable jury could doubt the veracity of Trinity's reasons for discharging Rozic. Moreover, as the District Court aptly summarized, "[i]n light of Rozic's incessant complaints regarding the production standards and their patent importance in Trinity's ability to make a profit, we conclude that Rozic has failed to establish that the real reason for his termination was age discrimination." A42.

Rozic's reliance on Trinity's decision to accept Knecthel's withdrawal of his resignation is similarly misplaced. Unlike Rozic, Knecthel had not engaged in a prolonged campaign of protesting company standards and did not offer his resignation in protest of such standards. Accordingly, the factual circumstances surrounding Knecthel's resignation are wholly inapposite to Rozic's case. Moreover, Rozic overlooks the fact that Trinity also encouraged Leslie Hall (age 51) to reconsider his tendered resignation. As the District Court observed, Rozic "cannot selectively choose a younger comparator to give rise to an inference of discrimination." A45.

Rozic's remaining contentions are unavailing, were carefully analyzed by the District Court, and do not warrant further discussion.

In sum, after careful consideration of the record and the parties' contentions, we agree with the District Court that Rozic failed to adduce sufficient evidence to preclude summary judgment.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment to Trinity.


TO THE CLERK OF THE COURT:
    Kindly file the foregoing Opinion.
                            /s/Maryanne Trump Barry
                            Circuit Judge